IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

----------------------------------------------------

SHANE ROCKEY,

: CASE NO. 1:14-cv-00147

Plaintiff, : MEMORANDUM OF OPINION

-vs-

BRENDA BERRY HARRISON, et al.,

Defendants.

----------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 18 November 2013, the plaintiff filed an employment discrimination complaint in Cuyahoga Court of Common Pleas asserting a number of claims under state law. The named defendants included Neighborhood Reinvestment Corporation d/b/a NeighborWorks America ("NeighborWorks"), Karen Hoskins, Brenda Berry Harrison, BBH Group, Lou Tisler, and Neighborhood Housing Services of Greater Cleveland ("Neighborhood Housing").

On 23 January 2014, defendant NeighborWorks and Ms. Hoskins removed the case to this Court with the consent of the other defendants. In the notice of removal, NeighborWorks asserted that it is "a federally-chartered organization[ ] that [is] funded and effectively controlled by the United States." As a consequence, NeighborWorks

argued, the Court's original jurisdiction is proper as to it, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1349, and Union Pacific Ry. Co. v. Myers, 115 U.S. 1, 11-14 (1885).[1] As for the claims against the remaining defendants, NeighborWorks argued that supplemental jurisdiction was proper pursuant to 28 U.S.C. § 1367(a).

On 3 February 2014, the plaintiff filed a motion for remand, which defendants NeighborWorks and Karen Hoskins opposed. After the motion was fully briefed, the plaintiff filed a stipulated notice of dismissal as to those two defendants, and, on 13 May 2014, the Court entered an order dismissing with prejudice all claims against them. Brenda Berry Harrison, BBH Group, Lou Tisler, and Neighborhood Housing are the only remaining defendants.

The only asserted basis for the Court's original jurisdiction was NeighborWorks' status as a "federally-chartered organization[ ] that [is] funded and effectively controlled

---

[1] In Union Pacific Railroad Co. v. Myers, the Supreme Court of the United States held that "corporations of the United States, created by and organized under acts of congress, . . . are entitled as such to remove into the circuit courts of the United States suits brought against them in the state courts, . . . on the ground that such suits are suits 'arising under the laws of the United States.'" 115 U.S. 1, 11-14 (1885) (emphasis added). The Myers decision, which effectively authorized removal of any state court complaint brought against a federally chartered corporation, opened a "flood of litigation" in the federal district courts. In response, Congress limited Myer's reach by enacting the Act of 1925, now codified as 28 U.S.C. § 1349. Section 1349 of Title 28 of the United States Code states:

> [t]he district courts shall not have jurisdiction of any civil action by or against any corporation upon the ground that it was incorporated by or under an Act of Congress, unless the United States is the owner of more than one-half of its capital stock.

28 U.S.C. § 1349 (emphasis added). Thus, pursuant Section 1349, the jurisdictional rule of Myers now applies only to a congressionally chartered corporation majority owned by the federal government.

2

by the United States." With the dismissal of NeighborWorks, that jurisdictional linchpin is gone. The complaint reveals no other basis for jurisdiction over the remaining parties, as no federal claims are presented and complete diversity is absent. Thus, assuming, without deciding, that the Court's original jurisdiction was proper on the grounds asserted by NeighborWorks, the Court has the discretion to decline to exercise supplemental jurisdiction over the plaintiff's state law claims against defendants Brenda Berry Harrison, BBH Group, Lou Tisler, and Neighborhood Housing. See 28 U.S.C. § 1367(c).

"[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997) (quoting Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)). In the present case, the factors weigh in favor of remand: the plaintiff chose the state courts to adjudicate his claims; he seeks redress under state law; to date, no discovery has been exchanged in this matter and litigation is still in its early stages; and the defendants remaining in the case do not oppose remand. Therefore, in the interests of fairness, convenience, and comity, the Court declines to exercise supplemental jurisdiction. This matter will accordingly be remanded to Cuyahoga County Court of Common Pleas.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: Aug. 19 2014